| 1. Person Reporting *(Last name, first, middle initial)* <br> Easterbrook, Frank H. | 2. Court or Organization <br> Seventh Circuit | 3. Date of Report <br> 5/13/04 |
|---|---|---|

| 4. Title *(Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)* <br> Circuit Judge (Active) | 5. Report Type (check appropriate type) <br> ___ Nomination, Date _____ <br> ___ Initial   X   Annual   ___ Final | 6. Reporting Period <br><br> 1/1/03 to 12/31/03 |
|---|---|---|

| 7. Chambers or Office Address <br> 219 South Dearborn Street <br> Chicago, Illinois 60604 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. <br><br> Reviewing Officer _____ Date _____ |
|---|---|

> *IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ___ NONE (No reportable positions.) | |
| Senior Lecturer | University of Chicago |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| X   NONE (No reportable agreements.) | |

# III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of Instructions.)*

| DATE | SOURCE AND TYPE | GROSS INCOME |
|---|---|---|

**A. Filer's Non-Investment Income**

___ NONE (No reportable non-investment income.)

| | | |
|---|---|---|
| 1 | University of Chicago - salary (see Part VIII) | $ 26,640.12 |
| 2 | Harvard University Press - royalty | $ 499.61 |
| 3 | Thomsen West - royalty | $ 210.81 |

**B. Spouse's Non-Investment Income** - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

___ NONE (No reportable non-investment income.)

## IV. REIMBURSEMENTS — transportation, lodging, food, entertainment.

*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| | NONE (No such reportable reimbursements.) | |
| 1 | Separate sheet attached | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| | NONE (No such reportable gifts.) | | |
| 1 | Union League Club of Chicago | Signing privileges (see Part VIII) | $ Uncertain value |
| 2 | | | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| X | NONE (No reportable liabilities.) | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*Value Codes: J=$15,000 or less    K=$15,001-$50,000    L=$50,001-$100,000    M=$100,001-$250,000
N=$250,001-$500,000    O=$500,001-$1,000,000    P1=$1,000,001-$5,000,000
P2=$5,000,001-$25,000,000    P3=25,000,001-50,000,000    P4=50,000,001 or more

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 5/13/04 |

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code1 (A-H) | (2) Type (e.g. div. rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, | | | | | | | | | |
| 1 Vanguard Index Trust (mutual fund) | D | Cap. Gain + Div. | O | T | See Part VIII | | | | |
| 2 Vanguard Money Market Trust (mutual fund) | A | Div. | K | T | See Part VIII | | | | |
| 3 Vanguard Municipal Bond Fund | E | Cap. Gain + Div. | O | T | See Part VIII | | | | |
| 4 Vanguard Retirement Portfolio (mutual fund; blocked | E | Cap. Gain + Div. | N | T | See Part VIII | | | | |
| 5 access) | | | | | | | | | |
| 6 First National Bank of Chicago (checking account) | A | Int. | J | T | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

Separate sheet attached.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature                                                           Date  5/13/04

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. App., § 104.)

**FILING INSTRUCTIONS:**

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

Easterbrook, Frank H.                                    5-13-04


IV. REIMBURSEMENTS.

New York City's Bar                    Travel reimbursement
New York, New York                     12/9/02 to 12/10/02
                                       (Rec'd in 2003)


Emory University School of Law         Travel reimbursement
Atlanta, Georgia                       2/19/03 to 2/20/03

The Federalist Society                 Travel reimbursement
Notre Dame, Indiana                    2/21/03 to 2/22/03

University of Oklahoma                  Travel reimbursement
Norman, Oklahoma                       2/27/03 to 3/1/03

Fordham University School of Law       Travel reimbursement
New York, New York                     3/10/03 to 3/11/03

American Law and Economics Association Travel reimbursement
Toronto, Canada                        9/19/03 to 9/21/03
(Paid by University of Chicago Law
School)

The Federalist Society                 Travel reimbursement
Washington, D.C.                       11/12/03 to 11/15/03



Note:  Travel reimbursements for judicial business and
other governmental reimbursements also omitted.

VIII. ADDITIONAL INFORMATION or EXPLANATIONS.

1. (Part III): I have received the approval of the Chief
Judge to teach at the University of Chicago. This income
therefore is "outside earned income" rather than an
"honorarium" within the meaning of the Ethics Reform Act of
1989. I accepted gross income exceeding the statutory cap
(15% of Level II of the Executive Schedule) because, under
§3(b) of the regulations of the Judicial Conference
implementing this statute, "outside earned income" includes
only net taxable income, and therefore excludes pension
contributions as well as the "ordinary and necessary
expenses paid or incurred in producing this income." Some
of the income reported in Part III was contributed to a
pension plan through the University of Chicago as part of a
salary reduction plan and therefore does not count for
statutory purposes. Moreover, the ordinary and necessary
expenses of producing the income—including the cost of
commuting between the courthouse and the Law School, fees
for parking at the University, and the expenses of
equipment and books for my Law School office—are
substantial. Net taxable income is less than the statutory
maximum.

2. (Part V) The Union League Club extends to federal judges
the privilege of using the Club's facilities without formal
membership. Between January and June 2003 it charged $45
per month for these privileges; the charge increased to $55
monthly effective July 2003.  The difference between this
and the market value is a gift, but whether there is any
difference and, if so, its size, is difficult to determine.
Judges pay the same for meals, haircuts, and other services
as do regular members of the Club.

3. (Part VII): Dividends and capital gain distributions
from the mutual funds marked "See Part VIII" are reinvested
automatically monthly. Shares were purchased and sold in
the Vanguard Money Market Trust occasionally. I treat this
as a checking account, and as in past years I do not report
these flows (as opposed to year-end balances). Sales of
shares from the Vanguard Municipal Bond Fund in 2003 fall
into value code K, and sales of shares from the Vanguard
Index Trust fall into value code K.

4. (Part VII): While I was employed full-time by the
University of Chicago preceding my appointment to the
court, and again since 1992, pension contributions under a
defined contribution plan were made on my behalf. TIAA—CREF
holds the funds contributed before 1983 (value code M).
Pension contributions since 1983, and supplemental
retirement annuity contributions since 1982, are held by
the Vanguard Group, which also holds pension contributions
made on my behalf during 1981—84 by Lexecon Inc., plus

VIII. ADDITIONAL INFORMATION or EXPLANATIONS Continued.


IRA contributions during that period. "Vanguard Retirement Portfolio" is an umbrella designation for these assets. Access to all funds in the Vanguard Retirement Portfolio is blocked until I reach retirement age. Vanguard invests these monies in four of its funds: Vanguard Money Market Reserves Prime Portfolio; Vanguard Fixed Income Securities Fund Long-Term Corporate; Vanguard Fixed Income Securities Fund High-Yield Corporate; and Vanguard International Value Portfolio. Investments within the Vanguard Retirement Portfolio may change from time to time, but only from one mutual fund to another (never to stock in an individual firm), making a consolidated listing desirable.